**METROPOLITAN LIFE INS. CO. v. MASON et al.**

No. 6687.

Circuit Court of Appeals, Third Circuit.

July 28, 1938.

Owen B. Rhoads and Dechert, Smith & Clark, all of Philadelphia, Pa., for appellant.

Gustave L. Blieden and James L. Stern, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this case are that the Metropolitan Life Insurance Company, a corporation of New York, issued a policy No 66018845 for $210 on the life of James H. Mason, a citizen of Pennsylvania, and policy No. 29884994 on the life of James Mason for $416. That subsequently said Mason entered suit in the Municipal Court of Philadelphia against the insurance company, claiming to recover the cash surrender value of said policies. Thereafter one Mance Mason notified the insurance company in writing that he was the owner of said policies; that he has at all times paid the premiums on said policies, and that James H. Mason took the policies from his possession without his permission; that said James H. Mason has no right, title or interest in the policies. And he requested the

insurance company to make no payments to said James H. Mason. It also appears that the Metropolitan Life Insurance Company has no interest in or claim to the proceeds of the said policies, nor interest in the claim of either party other than to see that justice is done and that a judicial determination is had as to which of said defendants, James H. Mason or Mance Mason is the lawful owner of said contracts of insurance.

It further appears that by the Federal Interpleader Act of 1936 (28 U.S.C. § 41 (26), 28 U.S.C.A. § 41(26), District Courts are given jurisdiction "of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader duly verified, filed by * * * any * * * corporation * * * having issued a * * * policy of insurance * * * of the * * * amount of $500."

In pursuance thereof, the insurance company filed a bill of interpleader, the contention being made that inasmuch as James H. Mason's claim for the cash surrender amounted to less than $500 and that the policies were each for less than $500, the Court had no jurisdiction. This contention was denied, the court holding (21 F.Supp. page 706) : "It will be noted, however, that the statute refers to policies of insurance of the value or amount of $500 or more. Giving effect to the canon of statutory construction that each word in the statute must be given a distinct meaning if possible, we construe the word 'value' to mean the present or cash surrender value of the policy and the word 'amount' to mean the face amount or the amount payable in case of death. So construed, it is clear that the plaintiff has brought itself within the jurisdictional amount, since, where two or more policies are involved, the aggregate amount determines jurisdiction. Metropolitan Life Ins. Co. v. Dunne, D.C., 2 F.Supp. 165".

Nevertheless, the court dismissed the bill, stating, "In this case, however, there are not two claimants to any benefits under the policies. Only one of the defendants is claiming a benefit under the policies,

while the other is claiming the right to have possession of the policy itself. He is in effect merely opposing the claim of the other." We cannot agree with this view. The statute had in view the two-fold broad equitable relief, first, to relieve a stakeholder without interest from present litigation, and secondly, to relieve such a one from future litigation by adjudicating the claims of all parties in one suit.

It will be observed that the statute as quoted above gives the court jurisdiction where a policy of over $600 is involved. There is no limitation of claims arising under such policies, nor does it limit itself to the provision that all parties must have the same common claim. On the contrary, the statute provides that "such a suit in equity may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

Here ownership of the policies was the basic fact. To recover the cash value of the policies James H. Mason must show he is the owner of the policy. Mance Mason claims he is the owner. Now the basic fact of ownership the court cannot once and for all decide unless all parties are before it and are heard. To obtain such relief, the insurance company files this bill praying that Mance Mason and James H. Mason interplead and "that the defendants may be decreed to interplead and settle among themselves their rights or claims to the said policies. That this Honorable Court determine which of said defendants, James H. Mason or Mance Mason, is the owner of said policies of insurance and therefore entitled to the rights, benefits and privileges conferred and provided for in said policies."

To us it is clear that the Act of Congress by its broad provisions covered, and was meant to cover, such situations as the present. So holding, the record is remanded with instructions to vacate the decree of dismissal and proceed in due course.