**EDNER v. MASSACHUSETTS MUT. LIFE INS. CO. et al.**

No. 8281.

Circuit Court of Appeals, Third Circuit.

Argued May 6, 1943.

Decided Oct. 27, 1943.

See, also, 44 F.Supp. 872 and 44 F.Supp. 873.

Edward N. Mills, of Buffalo, N.Y. (Albrecht, Maguire & Mills, of Buffalo, N. Y., and P. K. Motheral and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for appellant.

Wm. H. Eckert, of Pittsburgh, Pa. (Milton W. Lamproplos and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., on the brief), for Massachusetts Mut. Life Ins. Co.

A. E. Kountz, of Pittsburgh, Pa. (Kountz & Fry, of Pittsburgh, Pa., and L. D. McCall, of DuBois, Pa., on the brief), for Edner, trustee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

MARIS, Circuit Judge.

In 1934 George H. Lum, the insured under three life insurance policies issued by the Massachusetts Mutual Life Insurance Company, lodged with that company collateral assignments of the policies to George B. Mathews purporting to be given as security for indebtedness. In 1940 Lum was adjudicated a bankrupt. In 1941 attorneys for Mathews notified the Company that Mathews claimed to be the absolute owner of the policies under an agreement of purchase and sale made with Lum on February 2, 1934, five days before the collateral assignments were executed. In 1942 Lum's trustee in bankruptcy filed a complaint against the Company in the District Court for the Western District of Pennsylvania in which he alleged that Lum's indebtedness to Mathews had been satisfied out of other property and accordingly sought to recover the full cash surrender value of the three·policies. The Company thereupon filed an answer and counterclaim asking that the trustee and the executrix of Mathews, who had died, be interpleaded. The court ordered the trustee and the executrix to interplead and issued a preliminary injunction restraining both of them from pursuing their claims upon the policies in any other court. The executrix of Mathews has appealed from the order granting the preliminary injunction.

The executrix contends that Section 24(26) of the Judicial Code, 28 U.S.C.A. § 41(26), as amended by the Interpleader Act of 1936 does not authorize the district courts to take jurisdiction of an interpleader suit involving a life insurance policy where one of the claimants does not claim any present sum or benefit under the policy but merely asserts his right to the possession of the policy as owner and to claim in the future such ·benefits under the policy as it may afford to him and as he may elect to claim. She urges that the decision of this court in Metropolitan Life Ins. Co. v. Mason, 3 Cir., 1938, 98 F.2d 668, which holds that the statute does confer such jurisdiction, is erroneous and should

be overruled. We are satisfied, however, that the Mason case rightly decided that it was the intention of Congress in adopting the 1936 amendment to authorize an interpleader action under such circumstances.

That such was the Congressional intent would seem to be clear from the report[1] of the Committee on the Judiciary of the Senate upon the bill[2] which became the Act of January 20, 1936, 49 Stat. 1096, which amended and very much broadened the interpleader provisions of the prior Act of February 25, 1925, 43 Stat. 976, and incorporated those provisions into Section 24 of the Judicial Code as subdivision (26). The report states (p. 6): "The amended bill allows the stakeholder, as an alternative to a deposit, to file a surety bond approved by the court. Although the disputed subject matter will ordinarily be deposited in court, situations sometimes arise where the rigid requirement of a deposit would prevent just relief. For example, it is obvious that a deposit is impracticable when one claimant to the benefits of life insurance demands one disposition (or option) under the policy and the other claimant demands a very different disposition (or option). To illustrate, if claimant A demands the cash surrender value of the policy and claimant B demands the continuance of the insurance with the cash surrender value left intact, the requirement to deposit the thing in dispute cannot readily be complied with. Yet it would be harsh to deny interpleader under such circumstances. A bond in such a case will protect the claimants. Also the deposit of the fund in court involves a deduction for the clerk's commission (sometimes called poundage) and there will be no such deduction in the case of a bond. Moreover, the bond will entitle the winning claimant to interest."

The Act of 1936 continued without amendment the provision which it placed in Section 24(26) as paragraph (d) that after an interpleader suit has been begun, a deposit made or bond filed, service of process had and an injunction against other suits issued, the court "shall hear and determine the cause and shall discharge the complainant from further liability; and shall make the injunction permanent * * *." It would seem that this requirement that the complainant in interpleader shall be discharged from further liability and that future suits against it by

---

[1] Sen.Rep.No.558, 74th Cong. 1st Sess.

[2] S. 1277, 74th Cong.

the claimants shall be permanently enjoined, if read as mandatory and universally applicable, would deprive the court of power to adjudicate a case of the kind now before us. For in such a case all that the party who desires to retain the policy wants is the right to have the benefit of the continued liability of the insurance company under the terms of the policy and this right the court could never adjudicate to be his for future enjoyment if the Company must under all circumstances be discharged from further liability under the policy. To compel the party who desires to retain the policy in force and does not want to surrender it for its present cash value to accept the latter alternative would be to deprive him of a valuable contractual right in violation of the Constitution. Paragraph (d), however, goes on to provide that the court shall "enter all such other orders and decrees as may be necessary or convenient to carry out and enforce the same." A measure of judicial discretion is thus introduced which we think must be construed as applicable to the whole of paragraph (d) in order to carry out the congressional intent that the court shall have power to adjudicate the right of a claimant to retain a policy in force and, if his claim is established, to confirm him in his right to enforce in the future, by suit if need be, the liability of the insurance company under the policy.

The executrix also contends that the court is without jurisdiction because the Company's deposit of the cash surrender value of the policies was not a sufficient compliance with the statute to give the court jurisdiction over the controversy between the trustee and herself. We think that this contention is well founded and must be sustained. The act provides that a sum paid by a complainant in interpleader into the registry of the court shall be deposited "there to abide the judgment of the court". This provision, considered in the light of the direction contained in paragraph (d) that the court shall discharge the complainant in interpleader from further liability, indicates that the act intends that the sum deposited shall be the sum with respect to which the controversy exists and the disposition of which by the judgment entered in the interpleader suit will terminate the controversy.

In the present case the amount deposited was $18,972.50, the cash surrender value of the policies. This, however, is not the amount with respect to which the controversy between these parties exists. While it is the amount claimed by the trustee, who desires to cancel the policies and receive their present value, it is not the amount claimed by the executrix, who does not want any cash now but does want to keep the policies in force for their full face value of $42,500. No one here questions the right of the trustee to receive the cash surrender value if he is able to establish his title to the policies. It is the question of title which is really in controversy. The award of title to either party will carry with it the incidental rights of ownership, here undisputed, either to surrender the policies and receive their present value or to retain them in force for future benefits.

It may be suggested that the Company should have deposited $42,500, the face amount of the policies. However, neither party to the controversy is presently entitled to that sum or claims it. By the deposit of that sum the Company could not relieve itself of future liability under the policies if the owner for any reason desired to keep them in force. The impracticability of any deposit by the insurance company under the circumstances of this case was recognized in the report of the Senate Committee on the Judiciary from which we have already quoted. As we have seen, the Committee pointed out that the bill proposed to grant to a plaintiff in interpleader the right to file a bond instead of making a deposit and that this was done, inter alia, for the purpose of providing a practicable procedure for the type of case which we are now considering. Under the statute the bond is conditioned upon "the compliance by the complainant with the future order or decree of the court with respect to the subject matter of the controversy." The bond thus will secure performance by the insurance company of a decree that the successful party in the interpleader be recognized as the owner of the policies and, therefore, entitled, free of all claims by the unsuccessful party, to all the rights and benefits conferred by the policies.

In the Mason case, upon which the Company relies, the plaintiff filed a bond for the full face amount of the policies in suit. In the present case, as we have seen, the Company did not file a bond but instead deposited the cash surrender value of the policies. We hold that under the circum-

stances disclosed in this case this was not a sufficient compliance with the statute.

Section 24(26) provides that the district courts shall have jurisdiction of suits in interpleader if, inter alia, "The complainant (a) has deposited such money * * * into the registry of the court, there to abide the judgment of the court; or (b) has given bond payable to the clerk of the court * * * conditioned upon the compliance by the complainant with the future order or decree of the court with respect to the subject matter of the controversy." The making of the deposit or giving of a bond is thus made a condition precedent to the acquisition by the court of jurisdiction to direct the extra territorial service of process upon a nonresident defendant and to take further steps in the cause. Since in the present case a deposit was inappropriate and a bond was not filed the court was without jurisdiction to grant the preliminary injunction appealed from.

The order of the district court is reversed.