SARNOFF et al. v. CIAGLIA.

Civ. A. No. 8694.

District Court, D. New Jersey.
April 30, 1947.

Florence Josephson, of Sea Isle City, N. J., and John E. Lister, of Philadelphia, Pa., for plaintiffs.

Boyle, Archer & Greiner, and Frederick P. Greiner, all of Camden, N. J., for defendant.

MADDEN, District Judge.

This is an application on the part of the defendant, A. H. Ciaglia, to dismiss the complaint of the plaintiffs because it fails to set forth a cause of action under Rule 12, and likewise a motion for summary judgment,

in favor of defendant against plaintiffs, under Rule 56 of the Rules of Civil Procedure.[1]

The complaint, while roughly drawn, alleges a cause of action in fraud against the defendant. Briefly stated, it pleads that the plaintiffs were about to set themselves up in the manufacture of phonograph records; that on March 20, 1946, they had placed an order for machinery to produce such records with the F. J. Stokes Machine Company and the F. J. Stokes Machine Company had promised delivery of such machinery on or about May 1, 1946; that before delivery of such machinery, the defendant fraudulently induced them to cancel their order with the F. J. Stokes Machine Company and to authorize him, the defendant, to secure machinery for them from the United Rubber Machinery Exchange, which machinery was delivered on or about May 18, 1946; that defendant was paid a secret commission by the United Rubber Machinery Exchange upon the sale of this machinery to plaintiffs; that the machinery so delivered would not do the work required of plaintiffs and they attempted to return it but were denied this right; that thereafter they were caused additional expense to purchase supplemental machinery and cause its installation and that they have been delayed in starting production of the phonograph records and they seek damages for the additional money expended together with the loss of profits caused by the delay all of which is laid at the feet of the defendant on the grounds of fraud.

Since the filing of the complaint, bills of particulars have been ordered and answered and this motion has been made. Affidavits in support and in opposition to the motion have been filed.

A reading of the complaint and the subsequent particulars show, in the court's opinion, an allegation of a cause of action against the defendant and accordingly the motion to dismiss under Rule 12 will be denied.

We come, however, to a more substantive question upon the motion for summary judgment based upon the affidavits.

In the bill of complaint and the supporting bill of particulars, the plaintiffs allege that they ordered the machine from the F. J. Stokes Machine Company on March 20, 1946 and it was to be delivered on or about May 1, 1946 (see pars. 5 and 8 of the complaint). The defendant has filed in the cause an affidavit of A. A. Hutchings, an employee of the F. J. Stokes Machine Company who states that he was in charge of the matter and that the order was placed for the machinery by plaintiffs on March 14, 1946, and that in the company's letter acknowledging the order it was stated that delivery would be made in approximately five months. This would be August 4, 1946, if delivery were on time, and it is curious to note that suit was started on August 14, 1946 and that the complaint (par. 55) alleges "that plaintiffs have not as yet been able to produce on the machinery purchased, one saleable phonograph record." So that they allege damages because of the delay in production when according to the affidavit of the Machine Company, suit was started before production could reasonably be expected to begin.

Likewise, the allegations of the complaint that the defendant received a secret commission from United Rubber Machinery Exchange are expressly denied by the affidavit of M. J. Liebstein of that company in addition to the affidavit of defendant.

Likewise, in the bill of particulars filed herein plaintiffs state that they had made arrangements with the Benney Smith Company for the supply to plaintiffs with the buscuits they needed. These averments are denied by the affidavit filed herein by defendant in the person of J. W. Neff who states that he is in the employ of Benney and Smith Company and is familiar with the facts. Mr. Neff further states: "My company has never had any business relations with Emanuel Sarnoff and Nathan Niederman as individuals but prior to August, 1946 it received an inquiry about buscuits from the Claude Record Company of Philadelphia of which they may be members. * * * On September 5th (after suit was started) the Company received an order from Claude Record Company for 1,000 pounds of material which was shipped C.O.D. Information available to our Company indicates that delivery of the material to Claude Record Company was attempted but that the trucker was unable to

---

[1] 28 U.S.C.A. following section 723c.

nake delivery and consequently returned the shipment to our Company's Philadelphia warehouse. No other or further contact with Claude Record Company has been made."

Likewise, the plaintiffs aver, by paragraph 9(b) of the particulars, that they had ordered other machinery to get in production from R. D. Wood Company and Mears-Kane-Oxfeldt, Inc., and these averments are specifically denied by affidavits filed in the cause by the officers of these companies.

One must naturally be very much impressed by the fact that these affidavits are from people who are not parties to the action and they deny the allegations of the complaint and bill of particulars. Likewise, they are not specifically disputed by the affidavits of the plaintiffs.

The defendant has filed herein his own affidavit which, in the court's opinion, tells a reasonable and coherent story. The plaintiffs meet this, primarily, by a denial of its truth and by an offer to prove their allegations at trial, but they do not meet the affidavits filed here by averring specific facts supporting their alleged cause of action.

██ Fraud is a charge easily alleged but difficult to prove and one should not have to meet such a charge unless the person making it can substantiate the charge with facts tending to prove it. This the plaintiffs have not done.

Accordingly, the application of the defendant is granted and there shall be a summary judgment of no cause of action in favor of the defendant against the plaintiffs.

Prepare an order.