**FIRST NAT. BANK OF JERSEY CITY v. FLEMING et al.**

Civ. No. 228–49.

United States District Court
D. New Jersey.

Jan. 25, 1950.

160

O'Mara, Conway & Schumann, Jersey City, N. J., for plaintiff.

Daniel T. O'Regan, Jersey City, N. J., for Fleming.

McCarter, English & Studer, Newark, N. J., for Higgins.

Carpenter, Gilmour & Dwyer, Jersey City, N. J., for Corral and others.

SMITH, District Judge.

This is a civil action of interpleader instituted under 28 U.S.C.A. § 1335. The complaint alleges that the plaintiff is in possession of a certain stock certificate registered in the name of the defendant Frank Corral, representing 300,000 shares of capital stock of Higgins, Inc. The complaint further alleges: first, that the defendants, other than Andrew J. Higgins and Thomas J. Fleming, have demanded delivery of the said certificate; and second, that the defendant Andrew J. Higgins "asserts rights to 171,000 shares of the 300,000 shares of stock." The complaint contains the usual prayers for relief.

The defendant Andrew J. Higgins filed an answer in which he alleges "that he is entitled to 171,000 shares of the 300,000 shares represented by the said stock certificate." This allegation appears to be predicated on a certain contract, a copy of which is annexed to the answer, to which the defendants Armando Mayorga and Fernando Mayorga are alleged to be parties. The defendant Thomas J. Fleming filed an answer in which he failed to assert any claim to the certificate of stock notwithstanding the execution of a writ of attachment under which, as appears from the allegations in the pleadings, he seized the certificate but subsequently surrendered it to the plaintiff.

The action is before the Court at this time on the motion of the defendant Corral, first, to dismiss the complaint for failure to state a claim upon which relief can be granted, and second, for summary judgment in his favor. Rules 12(b) and 56(b) of the Rules of Civil Procedure, 28 U.S. C.A.

#### Dismissal of Complaint.

The motion to dismiss the complaint seems to be based solely on the argument that the defendant Higgins does not have a valid claim to the certificate of stock. There are several arguments advanced in support of this contention but we see no reason to summarize them in this opinion. It must be remembered that the said defendant has asserted a right "to 171,000 shares of the 300,000 shares of stock" under a contract with the former owners. The property here in litigation is not the certificate of stock but the shares of stock of which the certificate is merely evidence.

It is argued that the claim asserted by the defendant Higgins is "baseless." We may assume, for the purpose of discussion only, that his claim rests upon tenuous grounds but this assumption would not justify a dismissal of the present complaint. The staute clearly recognizes the right of a stakeholder to institute a civil action of interpleader if two or more adverse claimants "are claiming or may claim to be entitled to * * * money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation." The mere fact that the claim of one of the claimants may be without merit, the usual situation, will not defeat the right of the stakeholder to invoke the remedy intended for his protection.

"The jurisdiction of a federal court to entertain a bill of interpleader is not dependent upon the merits of the claims of the defendants. Metropolitan Life Ins. Co. v. Segaritis, D.C., 20 F.Supp. 739. It is our opinion that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting

adverse claims, even though he believes that only one of them is meritorious." Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551, 556; See also Metropolitan Life Ins. Co. v. Mason, 3 Cir., 98 F.2d 668; Edner v. Massachusetts Mut. Life Ins. Co., 3 Cir., 138 F.2d 327. The stakeholder is clearly not required to decide the issues raised by the respective claims, especially where, as here, the decision *may* expose him to a multiplicity of suits.

The complaint alleges that the stock certificate was seized by the defendant Fleming, as Sheriff of the County of Hudson, pursuant to a writ of attachment issued by the Superior Court of New Jersey, in a suit brought by the defendant Higgins against Armando Mayorga and others. This allegation is denied by the said defendant, who alleges in his answer "that he never had actual physical custody or possession of the stock certificate in question." An issue of fact is clearly presented by these conflicting allegations, an issue of fact which cannot be determined on the affidavits now before the Court.

It is our opinion that the motion to dismiss the complaint must be denied.

### Summary Judgment.

The motion for summary judgment is predicated primarily upon the affidavit of the defendant Corral, who states therein that he is the owner of the stock certificate in question and entitled to immediate possession thereof. Except for these factual statements, the statements made by the defendant in his affidavit are argumentative. The other affidavits, which contain irrelevant matter, only reiterate the conflicting claims. It is our opinion that the present record will not support the motion for summary judgment.

It is now well established by the many reported decisions that Rule 56 of the Rules of Civil Procedure vests in the Court a limited jurisdiction to enter judgment only if it clearly appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." There is

no authority in the Court to summarily try the factual issues on the affidavits of the parties. The complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the movant.

The motion for summary judgment must be denied.

An examination of the pleadings discloses that the defendant Higgins has attempted to broaden the scope of the present action by stating in his answer claims for damages against the defendants other than the defendant Fleming. These claims are stated in the alternative, but their inclusion is nevertheless an attempt to introduce several independent actions. We entertain some doubt as to the right of a defendant to thus enlarge the scope of a civil action of interpleader. It is our opinion that the question should be argued and decided either at a pretrial conference or on motion of the parties.