**EQUITABLE LIFE INS. CO. OF IOWA**
**v. GILMAN et al.**
No. 7791.

United States District Court
W. D. Missouri, W. D.
June 9, 1953.

On Motion to Reconsider and Set Aside
July 30, 1953.

See also, D.C., 14 F.R.D. 243.

Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, Mo., for plaintiff.

388

Donald W. Johnson, Kansas City, Mo., Richard A. Erickson, Independence, Mo., for Gilman.

Robert H. Worline, Tonganoxie, Kan., Ben L. Clardy, Kansas City, Mo., for Poulson.

REEVES, Chief Judge.

Heretofore the plaintiff filed a motion for a summary judgment in its interpleader suit. This motion was denied because certain facts were put in issue by the defendants.

The plaintiff has now filed an affidavit in full compliance with the suggestions of the court. This affidavit is full and complete and fully justifies the plaintiff in filing its interpleader suit and clearly is now entitled to be discharged. Such an order will be made when it is made to appear by proper affidavits or testimony what allowance should be made as attorneys' fees and after the plaintiff has paid the money into court. Upon such proceeding an order of discharge will be made.

### On Motion to Reconsider and Set Aside.

It is unfortunate that a simple interpleader action should consume so much time of the court and add to the duties and responsibilities of counsel.

Because of conflicting claims the plaintiff filed its bill of interpleader pursuant to the provisions of section 1335 Title 28 U.S.C.A. This section provides that:

"The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any * * * corporation, * * * having in * * * its custody or possession money * * * of the value of $500 or more, or having issued a * * * policy of insurance * * * of value or amount of $500 or more, * * *."

Such jurisdiction is conferred,

" * * *, if

"(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money * * *, or to any one or more of the benefits arising by virtue of any * *, policy * * *; and if (2) the plaintiff has deposited such money * * * into the registry of the court, there to abide the judgment of the court, * *."

It appears from the bill as well as other pleadings that the plaintiff is a disinterested stakeholder, and that both of the defendants assert claims for the amount to be deposited by the plaintiff.

Heretofore, upon a showing that the interpleader had made the deposit in good faith and that the defendants were adverse claimants, the plaintiff was permitted to have a summary judgment discharging it from all liability and permitting payment of counsel fees for the interplea. Counsel for one of the defendants now resists the discharge of plaintiff and the allowance of counsel fees. It is the contention of counsel for one of the defendants that the court has no jurisdiction because of the alleged bad faith of the plaintiff, and, moreover that the claim of one of the interpleaded defendants is baseless.

It is interesting to note what the courts have said on this particular subject:

In First Nat. Bank of Jersey City v. Fleming, 10 F.R.D. 159, loc. cit. 160, Judge Smith of the District Court of New Jersey said:

"It is argued that the claim asserted by the defendant Higgins is 'baseless.' We may assume, for the purpose of discussion only, that his claim rests upon tenuous grounds but this assumption would not justify a dismissal of the present complaint. The statute clearly recognizes the right of a stakeholder to institute a civil action of interpleader if two or more adverse claimants 'are claiming or may claim to be entitled to * * * money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation.' "

Judge Smith then quoted from Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551–556 as follows:

" 'The jurisdiction of a federal court to entertain a bill of interpleader is not dependent upon the merits of the claims of the defendants. * * * It is our opinion that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims, even though he believes that only one of them is meritorious.' "

To the same effect is Metropolitan Life Ins. Co. v. Mason, 3 Cir., 98 F.2d 668; Edner v. Massachusetts Mutual Life Ins. Co., 3 Cir., 138 F.2d 327. Judge Smith, in First Nat. Bank of Jersey City v. Fleming, supra, further said:

"The stakeholder is clearly not required to decide the issues raised by the respective claims, especially where, as here, the decision may expose him to a multiplicity of suits."

Judge Donohoe of the District of Nebraska, in First State Bank v. Citizens State Bank, D.C., 10 F.R.D. 424, loc. cit. 426, announced an approved doctrine:

"It is a fundamental principle of interpleader that its office is not so much to protect a party against a double liability as against double vexation in respect to a single liability."

Attention is also called to the case of Barr v. Snyder, 358 Mo. 1189, 219 S.W. 2d 305, 308. This case was decided by the Supreme Court of Missouri in an interpleader action and the court announced the true doctrine as follows:

"The office of the equitable interplea is not to protect a party against a double liability, but against double vexation in respect to one liability."

In like manner Judge Grim, District Judge for the E. D. of Pennsylvania in John Hancock Mutual Life Ins. Co. v. Yarrow, D.C., 95 F.Supp. 185, in respect of the same matter quoted approvingly from Judge Chesnut in John Hancock Mutual Life Ins. Co. v. Kegan, D.C., 22 F.Supp. 326:

"The plaintiff's need for the equitable relief would seem to be just as great, if he is liable to double vexation from adverse claimants, where he disputes the claim of one or both in whole or in part, but has no additional ground for equitable relief, as where he has no such dispute." [95 F.Supp. 187.]

The Court of Appeals in Coastal Air Lines v. Dockery, 8 Cir., 180 F.2d 874, loc. cit. 877, announced the well known rule:

"The rights of the parties to the action on the cross-claim were controlled by State law, but questions of jurisdiction and procedure of the Federal Court are determined by Federal law."

Under all of the authorities it was proper, in view of the undisputed facts, for the court to make the order or enter the judgment complained against, and the motion to vacate the order of judgment should be and will be denied.