**POWELL**

v.

**FULLER BRUSH CO.**

Civ. No. 56–53.

United States District Court
D. New Jersey.
March 9, 1954.

John H. Reiners, Jr., by Frank Vittori, Camden, N. J., for plaintiff.

George Whitefield Betts, Jr., Mahlon Dickerson, Murray D. Welch, New York City, for defendant.

MADDEN, District Judge.

This matter is before the Court on a motion made by the defendant, The Fuller Brush Company, before filing answer, to dismiss the complaint because of failure to state a cause of action, or in lieu thereof for summary judgment in its behalf.

The complaint filed herein alleges the hiring in 1934 of the plaintiff, Dwight W. Powell, by the defendant, The Fuller Brush Company, through its Division Manager, Al Teetsel, for life employment, with certain other alleged conditions. The complaint further alleged "Said Al Teetsel as Division Manager was possessed of expressed authority to make such a contract and thereby bound the defendant."

Plaintiff seeks damages for the alleged improper dismissal in 1951 by defendant, together with a reinstatement to his position alleging it was coupled with an interest.

The defendant's motion to dismiss is based upon the allegation that (a) the contract is too vague to be legally enforceable, (b) that there was no consideration, (c) that it was not coupled with an interest and, consequently, not subject to reinstatement. The application for summary judgment is supported by affidavits tending to show the improbability of such a contract and the lack of authority in Teetsel to so hire.

Both sides have filed affidavits and briefs in support of their respective positions.

■ Before considering the merits of the particular application it might be well to state the rules controlling like applications. The law for this Circuit was laid down by Judge Jones in Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635, where he said:

"While most defenses are to be pleaded affirmatively under the Federal Rules, Rule 12(b) (6) [28 U.S.C.] provides that the defense may take the form of a motion to dismiss for 'failure to state a claim upon which relief can be granted'. As observed in Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305, 306, 'Such a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him, or a claim which the averments of the complaint show conclusively to be barred by limitations.' However the court in the Leimer case went on to admonish that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See also De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378, 380. *No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."* (Emphasis supplied.)

■ This case is cited as authority for one or more of its holdings in some twenty-three cases throughout the country, both State and Federal.

And as Judge Smith said for this Court in First Nat. Bank of Jersey City v. Fleming, 10 F.R.D. 159, at page 161:

"It is now well established by the many reported decisions that Rule 56 of the Rules of Civil Procedure vests in the Court a limited jurisdiction to enter judgment *only if it clearly appears* 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' There is no authority in the Court to summarily try the factual issues on the affidavits of the parties. *The complete absence of any genuine issue of fact must be apparent,* and all doubts thereon must be resolved against the movant." (Emphasis supplied.)

So also spoke Chief Judge Forman, for this Court, in Transcontinental

G. P. L. Corp. v. Borough of Milltown, 93 F.Supp. 283, at page 286:

"As pointed out by Judge Smith of this court in Rolle Mfg. Co. Inc. v. Marco Chemicals, Inc., 92 F.Supp. 218, the Court of Appeals of the Second Circuit has likewise advocated caution in the application of the rule authorizing summary judgment in the case of Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, wherein Judge Frank said: 'We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. Cf. Arenas v. United States, 322 U.S. 419, 429, 433, 64 S.Ct. 1090, 88 L.Ed. 1363. The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered.' See also Colby v. Klune, 2 Cir., 178 F.2d 872."

The writer herein was misled in the function of a Court upon a motion for summary judgment in the matter of Sarnoff v. Ciaglia, D.C., 7 F.R.D. 31, 33 wherein it was said:

"Fraud is a charge easily alleged but difficult to prove and one should not have to meet such a charge unless the person making it can substantiate the charge with facts tending to prove it. This the plaintiffs have not done."

This view of the matter was promptly reversed by the Court of Appeals for this Circuit in 165 F.2d 167, at page 168, wherein Judge O'Connell said:

" 'Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. * * * All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' "

■ The moving papers of the defendant in support of his motion for dismissal of the complaint, or in the alternative for summary judgment, are in the form of affidavits which contradict the factual allegations of the complaint and deny the legal conclusions sought to be established thereby. Plaintiff has filed a counter-affidavit, in opposition to the movant's motions, at which stage of the proceedings the very existence of a contract of the character alleged is placed into issue, the resolution of which ultimately depends upon ascertainment of the factual circumstances and negotiations surrounding the relationship of the parties, the legal character of their agreement, if any, in determining whether or not the relief demanded in the complaint is warranted in fact and in law. This case clearly presents mixed questions of fact and law.

■ While supporting or supplementary papers to a motion of this type are permitted to "pierce" the allegations or denials of the parties, such function is only to permit and assist the Court in determining whether or not a genuine issue as to any material fact is presented and crystalized in the litigation. The oral arguments of the parties, and their supporting briefs, have gone far beyond this juncture of the proceedings in this case, and appear to urge primarily and vigorously the merits, endeavoring thereby to secure of this Court disposition upon those postulated merits. For while the arguments in

support of their respective contentions have been fully and ably presented, and the respective briefs submitted display commendable industry and evidence scholarly research and artful presentation, it appears that the enthusiasm of advocacy has led them to exceed the legitimate procedural bounds and the legal circumscription of this motion. The law of the case is a premature consideration and must, therefore, await proof of the merits.

The complaint sets forth a cause of action cognizable in law, providing of course it can be established by legally sufficient proof. Defendant denies categorically that any relationship between the parties as alleged did or could arise, strenuously urging the law of New Jersey to be as set forth in the case of Savarese v. Pyrene Manufacturing Co., 1952, 9 N.J. 595, 89 A.2d 237, in an opinion by Justice Wachenfeld, for the Supreme Court, involving a contract of the character here pleaded. Our reading of the Savarese case discloses no such refusal to recognize or enforce a contract of employment for life, as being the law of the State of New Jersey where this Court is sitting; nor does the case reflect any policy of the law of New Jersey indicating that such contracts are not binding in legal principle, or that they are contrary to public policy, but rather it emphasizes that such contracts are difficult *in fact to prove*, and that most cases involving such fail for insufficiency of evidence to establish them in fact.

However, the Court at this juncture of the case is confined on this motion to the record now before it, which record discloses genuine issues of material facts necessitating the ordinary, proper and orderly presentation of proof.

Upon the basis of the foregoing, and the authorities therein cited, the motion of the defendant for dismissal of the complaint, or in the alternative for summary judgment, should be and is, hereby denied.