**INDIAN LAKE ESTATES, INC.,**
Appellant,

v.

**Irving S. LICHTMAN et al., Appellees.**

**No. 16770.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 1, 1962.

Decided Dec. 20, 1962.

---

Mr. Ralph E. Becker, Washington, D. C., with whom Mr. F. Murray Callahan, Washington, D. C., was on the brief, for appellant.

Mr. David G. Bress, Washington, D. C., with whom Mr. J. H. Krug, Wash-

---

ington, D. C., was on the brief, for certain individual appellees and appellee, Net Limited, Inc.

Mr. Albert Philipson, Washington, D. C., was on the brief for appellee, Special Investments, Inc.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court granting appellees' motion for summary judgment. The complaint alleges that the defendants, who are appellees here, violated the usury statute, § 28–2703 D.C.Code Ann. (1961), by charging interest in excess of 8% and violated the "Loanshark Law," § 26–601 D.C.Code Ann. (1961), by lending money without a lender's license. The motion was heard on the complaint and affidavits.

In essence the complaint presents claims that the parties entered into agreements, purporting to settle and compromise pre-existing contracts which, it is claimed, were both illegal and void because of violation of usury statutes and statutes regulating money lending and that the settlement agreements did not eliminate the usury or purge the relationship of the taint of illegality. The relationships of the litigants which are challenged as illegal and void arise out of numerous and complex contractual engagements, involving millions of dollars in the aggregate. In substance, therefore, it is contended that the form of the agreements and contracts including the "settlement" agreements relied upon by appellees, are a cloak for money lending on which exorbitant interest was exacted and that the alleged "settlement" agreements were not arm's length transactions in which the appellant was a free agent.

If the original contracts and engagements were illegal and void, as the court assumed for purposes of appellees' motion, the claims of the complaint present complex issues of fact and law as well as some which are mixed questions of law and fact, which were not susceptible of disposition by summary judgment. See Royall v. Yudelevit, 106 U.S.App.D.C. 1,

268 F.2d 577 (1959); Bowen v. Mount Vernon Savings Bank, 70 App.D.C. 273, 105 F.2d 796 (1939).

Reversed and remanded for further proceedings.