In re Errol H. and V. Dianna
BISHOP, Debtors.

Errol H. and V. Dianna
BISHOP, Plaintiffs,

v.

FAMILY FEDERAL SAVINGS AND
LOAN ASSOCIATION, Defendants.

Bankruptcy No. 85-00243.
Adv. No. 86-0065.

United States Bankruptcy Court,
District of Columbia.

Nov. 5, 1987.

Ronald L. Schwartz, for debtor/plaintiff.

Peter Turner, for defendant.

OPINION AND ORDER

GEORGE F. BASON, Jr., Bankruptcy
Judge.

Defendant Family Federal Savings and
Loan Association ("Family Federal") * has
moved for summary judgment, on grounds
of (i) compromise and settlement and (ii)
limitations. Family Federal also seeks
Rule 9011 sanctions against plaintiffs'
counsel for having filed a complaint that,
Family Federal asserts, is obviously barred
on the above two grounds and was inter-
posed merely for delay.

The relevant facts are as follows: On
April 21, 1981, the plaintiff/Debtors en-
tered into a loan agreement with Nation-
wide Mortgage Corporation ("Nationwide")
secured by a second deed of trust on their
home. This one-year balloon note was for
$55,000 at a stated interest rate of 12%,
with monthly interest-only payments. At
the loan closing, there were deducted over
$18,000 in commissions, brokerage fees,
points, and settlement expenses, so that net
proceeds from the loan actually totaled less
than $37,000.00. The Debtors executed
and delivered to Nationwide a statement to
the effect that the loan was for business
purposes. However, the Debtors now con-
tend that the loan actually was not a busi-
ness-purpose loan but rather was a con-
sumer loan, used for home improvements
and to pay off existing taxes. The Debtors
also contend that the true annual percent-

---

* Family Federal's successor in interest is Colum-
bia First Federal Savings & Loan Ass'n. Refer-
ence to Family Federal should be taken to refer,
when applicable, to Columbia First as successor
in interest.

age interest rate charged them on the loan was approximately 60%, in violation of the District of Columbia's usury law. D.C. Code Ann. Section 28–3301 (1981). Solely for purposes of the summary judgment motion, Family Federal concedes these factual allegations.

Soon after the closing, Nationwide sold the loan to the defendant Family Federal Savings and Loan Association ("Family Federal"). The Debtors made the monthly interest payments until the loan fell due but defaulted on the May 21, 1982 principal payment of $55,000. The Debtors contend that Nationwide had represented to them that Family Federal would refinance the loan with a long-term loan. However, in fact, Family Federal did not refinance the loan but instead instituted foreclosure proceedings against the property. The Debtors in turn, on May 23, 1983, filed a complaint in D.C. Superior Court against Nationwide and Family Federal, seeking to enjoin the foreclosure proceedings on grounds of, *inter alia,* usury and fraud.

The next day, May 24, 1983, Family Federal and the Debtors entered into a "Loan & Trust Modification Agreement and Estoppel Certificate" (the "Settlement") whereby the parties dropped their respective proceedings, stipulated to the amount then due as being $65,972.30 (which was the full amount of principal plus interest and charges on the original note without any deduction on account of the claimed usury), and extended the loan to May 1, 1986 at a stated annual interest rate of 14%. The parties, through counsel, filed a praecipe in D.C. Superior Court requesting that the case be marked "settled and dismissed, with prejudice, as to all claims among and between the parties, and pursuant to the terms and conditions of the" Settlement, and the Debtors' case was thereupon dismissed with prejudice.

The Settlement contained a reaffirmation of the business purpose of the loan and the following waiver clause:

> The makers, endorsers and guarantors ratify and affirm, except as modified herein, all of the terms and conditions of the aforementioned deed of trust and note and agree there exists no defenses in law or equity to the same and waive all right to demand a jury trial or rescind this transaction. *Makers waive, remise and compromise all possible or potential causes of action against holder, its predecessors in interest, agents, servants, attorneys or employees and fully release any claim or cause of action. Makers will execute a general mutual release to this effect.* (Emphasis in original).

The Debtors filed their Chapter 13 bankruptcy petition on April 22, 1985. Approximately a year thereafter, on May 29, 1986, the Debtors filed this adversary proceeding seeking to disallow Family Federal's claim for interest and other charges and to credit all their interest payments against principal, asking for attorney fees, and requesting a declaratory judgment that Family Federal is an unsecured creditor.

Two decisions by the United States Court of Appeals for the District of Columbia Circuit are dispositive as to the first ground for defendant's motion for summary judgment—that this suit is barred by the parties' 1983 settlement of the Debtors' lawsuit claiming that the 1981 note was usurious and tainted by fraud. The first of these decisions is *Bowen v. Mount Vernon Savings Bank,* 70 App.D.C. 273, 105 F.2d 796, 800 (1939):

> "... the renewal of an originally usurious note validates the transaction if all elements which made it usurious are eliminated. But if the lender retains money received as usury, the usurious element is not eliminated; and therefore the defense of usury may be set up against the renewal contract. There is no reason why the maker's knowledge of the usury, which did not validate the original contract, should validate the renewal. The usury law protects the maker in spite of knowledge. The same financial pressure which forced him to submit to usury in the first place may force him to renew. To permit a mere renewal or extension of the contract to purge usury would defeat the purpose of the statute. * * * " [footnote omitted]

The second decision is *Indian Lake Estates, Inc. v. Lichtman,* 311 F.2d 776 (D.C.

Cir.1962). In a per curiam opinion (joined by then Judge and later Chief Justice Burger), on the authority of *Bowen v. Mt. Vernon Savings Bank, supra,* the Court of Appeals reversed a grant of summary judgment on facts essentially identical to those here (311 F.2d at 777):

> "In essence the complaint presents claims that the parties entered into agreements, purporting to settle and compromise pre-existing contracts which, it is claimed, were both illegal and void because of violation of usury statutes
>
> . . .
>
> \* \* \* \* \* \*
>
> "If the original contracts and engagements were illegal and void, as the court assumed for purposes of appellees' motion, the claims of the complaint present complex issues of fact and law as well as some which are mixed questions of law and fact, which were not susceptible of disposition by summary judgement."

Based on the compelling authority of these two decisions, this Court must reject the first ground asserted for summary judgment.

■ Similarly, two decisions by the highest courts of this jurisdiction (one by the U.S. Court of Appeals before and one by the D.C. Court of Appeals after the latter court succeeded the former as the highest court of the District of Columbia) dictate the result as to the second ground for defendant's motion—that is, that the present suit is barred by limitations. *Hill v. Hawes,* 144 F.2d 511, 512 (D.C.Cir.1944) was "a suit for the cancellation of a note and deed of trust on the ground that if payments of usurious interest are credited to the plaintiff the note has been fully paid." The U.S. Court of Appeals held (144 F.2d at 513):

> "The statute of limitations does not bar the relief sought in this case. Under the usury statute recovery of usurious payments is limited to one year. Under the general statute of limitations actions not otherwise limited must be brought within three years. However, no statute puts any limitations on the claim of usury used as a defense in a suit based on the usurious obligation. A usurer cannot by delaying suit on a note acquire the right to collect the usurious payments forfeited by the statute. In substance, this suit may be regarded as one for a declaratory judgment that the plaintiff's intestate had a complete defense to her obligation on the note. A declaration that there is a complete defense to the note is not barred by the statute." [Footnotes omitted]

In *King v. Kitchen Magic, Inc.,* 391 A.2d 1184 (D.C.1978), the Kings waited until three days before Kitchen Magic's scheduled extrajudicial foreclosure sale of their home, which was some nine years after they discovered alleged fraud, before filing suit seeking "to nullify the purported lien against their real estate" on the ground of alleged fraud. Holding that "[t]he suit unquestionably was filed as a defensive measure against the foreclosure" (391 A.2d at 1186), and quoting extensively from *Hill v. Hawes, supra,* the D.C. Court of Appeals concluded (391 A.2d at 1187):

> "Appellees may not prevent this defense [of fraud] from being asserted simply by delaying the initiation of an extrajudicial foreclosure proceeding until after the statute of limitations has run on the Kings' legal cause of action. The Kings' suit, like the one filed by the plaintiff in *Hill v. Hawes, supra,* in effect seeks a declaratory ruling that they have a complete defense to enforcement of the deed of trust. The Kings, therefore, are not precluded by the statute of limitations from maintaining the equitable portion of their suit [seeking to nullify the purported lien]."

These two decisions leave this Court no choice but to deny the motion for summary judgment on the second asserted ground.

Since the Court must deny the summary judgment sought against plaintiffs, there is no basis for assessing Rule 9011 sanctions against plaintiffs' counsel. Therefore it is

ORDERED that defendants' motion for summary judgment and request for Rule 9011 sanctions are both DENIED.