[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Kenneth Dubin, filed a three-count amended complaint on September 15, 1992 against the defendants, David Shaw, superintendent of the Hamden schools, and Joseph Castagnola, assistant superintendent, alleging that while he was working for the Hamden Board of Education (Board), the defendants informed him that his position was to be reduced to a part-time position. On the basis of this information, the plaintiff submitted a letter of resignation to the defendants. The plaintiff discovered later that his position was going to be expanded, rather than reduced to part-time, and then retracted his resignation, but the defendants never submitted the retraction to the Board. The plaintiff continued in his position until the end of the school year, when his position was eliminated.
The plaintiff alleges in count one of the complaint that the defendants misrepresented certain facts with the intent to deprive the plaintiff of his position. In count two, the plaintiff alleges that the defendants intentionally interfered with his contract with the Hamden school system. In count three, the plaintiff alleges that the defendants negligently misrepresented certain facts to the plaintiff regarding his position.
The plaintiff claims that he has been deprived of his position, has suffered emotional distress, and seeks money damages. CT Page 10610
The defendants now move for summary judgment on the ground that some of the allegations in the plaintiff's complaint are insufficient to support the causes of action alleged, and also that the plaintiff will not be able to prove other allegations. The parties have each filed a memorandum of law with respect to the motion for summary judgment. The defendants have filed their own affidavits, various personnel records, and the plaintiff's deposition testimony, and the plaintiff has filed his own affidavit.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 567 A.2d 1212 (1990).
After the "moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . ." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990), quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983).
In deciding a "motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316, 477 A.2d 1005 (1984).
Although the summary judgment procedure is a valuable tool enabling the courts to dispose quickly of those cases where there exists no genuine issue of material fact, the courts also recognize that certain cases, because of the nature of the case and the type of claims made, are not suitable for summary judgment.
 It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. White Motor Co. v. United States, 372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d CT Page 10611 738; Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472-73, 82 S.Ct. 486, 7 L.Ed.2d 458; Cross v. United States, 336 F.2d 431, 433 (2d Cir.). "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." Poller v. Columbia Broadcasting System, Inc., supra, 473; Fortner Enterprises, Inc. v. United States Steel Corporation, 394 U.S. 495, 500, 89 S.Ct. 1252, 22 L.Ed.2d 495.
United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,376.
 "Issue of fact" encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. See Nolan v. New York, N.H. H.R. Co., 70 Conn. 159, 173, 174, 185, 186, 39 A. 115; Maltbie, Conn. App. Proc. 136-140; James, Civil Procedure 6.18, p. 231. As noted in White v. United States, 317 F.2d 13, 18 (4th Cir.), summary judgment is to be denied where there exist "genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the court." See also Indian Lake Estates, Inc. v. Lichtman, 311 F.2d 776, 777 (D.C. Cir.); Powell v. Fuller Brush Co., 15 F.R.D. 239, 241 (D.N.J.).
United Oil Co. v. Urban Redevelopment Commission, supra, 379.
The court has carefully reviewed the pleadings, the memoranda and the documentary support filed by the parties. It is apparent that this case will involve conflicting factual evidence, and whether various inferences may be drawn concerning motive and intent from the evidence presented. There are genuine issues of material fact with respect to most of the issues in this case.
A summary judgment is not appropriate. Accordingly, for the foregoing reasons the defendants' motion for summary judgment is denied. CT Page 10612
William L. Hadden, Jr., Judge