**UNITED STATES, for Use and Benefit of EATON et al. v. OLSON et al.**

No. 25692–G.

District Court, N. D. California, S. D.

Aug. 2, 1946.

Lawrence Livingston, H. W. S. Leeker, and Thomas E. Davis, all of San Francisco, Cal., for defendants and counterclaimants.

Thomas K. McCarthy and Thelen, Marrin, Johnson & Bridges, all of San Francisco, Cal., for cross-defendants, Ball & Simpson, Henry J. Keiser Company, and Permanente Cement Company.

GOODMAN, District Judge.

The motion is to dismiss the counterclaim in interpleader.

The counterclaiming defendants are the prime contractors and their sureties upon a payment bond executed by them, pursuant to the Miller Act, §§ 1, 2, 40 U.S.C.A. §§ 270a, 270b, in connection with the construction of certain public works for the United States. The plaintiffs are seeking recovery upon such payment bond for labor and materials supplied a subcontractor of the prime contractors. The counterclaim is to interplead other persons having similar claims against the subcontractor, and it is alleged in the counterclaim that the aggregate of all such claims exceeds the balance unpaid by the prime contractors under the subcontract.

Defendants' right to interplead such other claimants is based entirely on Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, since it is apparent that they (defendants) will not be exposed to double or multiple liability upon the same obligation, Rule 22 gives them no such right of interpleader. The amount of the payment bond fixes the extent of their liability to persons having claims ·for labor and materials supplied the subcontractor, and that amount is admittedly well in excess of what is required to satisfy such claims in full. The claims are not therefore, adverse to each other; the claimants are not seeking to recover the same thing or amount.

It is not important that the balance unpaid under the subcontract is less than the claims asserted against the counterclaiming defendants, since the liability of the latter under the payment bond is not limited to such unpaid balance. The counterclaimants have not here interpleaded the subcontractor as an adverse claimant to the unpaid balance under the subcontract. The case of F. H. McGraw & Co., Inc., v. Sherman Plastering Co., Inc., D.C.,

60 F.Supp. 504, cited by them, is therefore not in point. It is likewise of no significance that the counterclaimants will be subjected to several suits arising out of the same transaction. Rule 22 does not purport to give a defendant severally liable to different claimants the right to interplead all such claimants in an action by less than all —solely because the several liabilities have a common origin—where the interests of such claimants do not, by adverseness to each other, expose him to the danger of double or multiple liability for the same thing or amount. See opinion on motion for new trial in Buxton v. Acadian Production Corp. et al., D.C., 35 F.Supp. 543, 552.

The motion to dismiss the counterclaim in interpleader is granted.