## JOHN HANCOCK MUT. LIFE INS. CO. v. YARROW et al.

### Civ. No. 11248.

United States District Court
E. D. Pennsylvania.

Jan. 12, 1951.

William H. Peace, II, Philadelphia, Pa., for plaintiff.

Frank G. Sayre, of Saul, Ewing Remick & Saul, John H. Archer, of Duane, Morris & Heckscher, Philadelphia, Pa., for defendant Yarrow.

N. Coleman Shapiro, Sydney C. Orlofsky, Philadelphia, Pa., for defendant Brooks.

GRIM, District Judge.

John Hancock Mutual Life Insurance Company, a Massachusetts corporation, (hereinafter referred to as the insurance

company), has paid the sum of $20,888.90 into this court and has filed a Complaint under the Federal Interpleader Act, 28 U.S.C.A. § 1335, to interplead Frances H. Yarrow, a resident of the Eastern District of Pennsylvania, with F. Richard Brooks, a resident of Florida, both of whom claim the proceeds of a life insurance policy issued by the insurance company.

Brooks-Yarrow Company, a partnership (hereinafter referred to as the partnership), applied to the insurance company for a policy of insurance on the life of Harry C. Yarrow, one of the partners, this being the policy which has caused the problem in the present case. The first application was improperly executed in that it was not signed by a partner. The insurance company sent a new application form to the partnership for execution by a partner for the partnership and for execution by the proposed insured, Harry C. Yarrow. The second application was signed in such a way that there is some question as to who the real applicant was, the applicant being either the partnership, Brooks-Yarrow Company, or the other partner, F. Richard Brooks. In response to the application, the insurance company issued its policy No. 3,719,877, in the sum of $30,000 on the life of Harry C. Yarrow, naming the partnership as the beneficiary.

In the application, which was made part of the policy, the right to change the beneficiary was reserved to the "applicant". On May 8, 1944, the partnership, by Harry C. Yarrow, a partner, executed and filed with the insurance company a change of beneficiary form naming Frances H. Yarrow, the wife of Harry C. Yarrow, as the new beneficiary. As a result of this, the insurance company changed the beneficiary to Frances H. Yarrow, who is now a claimant to the proceeds of the policy. On November 8, 1948, the partnership, by partners Harry C. Yarrow and J. T. Reddy, (F. Richard Brooks was no longer a partner) made an absolute assignment of the policy to Harry C. Yarrow. One week after the assignment of the policy to him, Harry C. Yarrow, being also the insured in the policy, applied to the insurance company for a policy loan in the sum of $5,-925, which loan was increased from time to time thereafter. On November 16, 1948, Harry C. Yarrow executed and filed with the insurance company a change of beneficiary form continuing Frances H. Yarrow as the beneficiary. The assignment of the policy and subsequent change (or, more accurately, renomination) of beneficiary are endorsed by the insurance company on the policy.

After the death of Harry C. Yarrow on May 6, 1950, Frances H. Yarrow filed proofs of death, surrendered the policy to the insurance company and claimed the proceeds, maintaining that the policy, because of loans against it and because of dividends on it, then had a value of $20,-888.90.

F. Richard Brooks also has claimed the proceeds of the policy, maintaining that the value of the policy to him is $30,000 instead of $20,888.90. He contends that he was the applicant for the policy, and that from this it follows that the change of beneficiary by the partnership and by Harry C. Yarrow was improper, since the policy reserved this right to the applicant alone. He also contends that the loans against the policy were improper because there is no provision in the policy for loans against it, and that, therefore, the full value of the policy is due to him. The partnership, which was the original beneficiary of the policy, was dissolved prior to the death of Harry C. Yarrow. Brooks contends that he, as the applicant, is entitled to the proceeds under the following paragraph of the application, which became a part of the policy:

"The applicant and his legal representatives shall be the owner and holder of any policy issued on this application and anything to the contrary therein notwithstanding, shall be the payee of any amount payable thereunder, including any death benefit, unless payable to another person who may have been duly nominated as beneficiary and who survives the proposed insured."

Being a resident of Florida, Brooks wishes the opportunity of suing the insurance company in Florida and to have

his claim adjudicated there. For this reason, he has filed a motion requesting that the Interpleader Complaint be dismissed. Whether or not the Complaint should be dismissed is the question now before the Court.

The insurance company contends that only $20,888.90 is due on the policy, while Brooks contends that $30,000 is due to him. From this it is clear that the insurance company is interested in the outcome of the proceedings. Because the insurance company has an interest in the proceedings, and has deposited only $20,888.90 into court, Brooks contends that interpleader cannot be allowed in the present case. In this contention he is correct, but the defect in the proceedings can be cured by an additional deposit into court. The proper procedure to be followed in a case like the present one, where there are claims of different amounts against a stakeholder, is set forth in 3 Moore's Federal Practice, P. 3039 (2d ed. 1948) as follows:

"If the complainant desires to dispute the amount of his obligation, in whole or in part, and there are grounds for a bill in the nature of interpleader, it would be advisible, in view of the statute, for the plaintiff to deposit or give bond for the largest amount that is in dispute, plead that the amount is in dispute and that only a specified amount or none thereof is admitted to be due."

That was the procedure followed in the case of John Hancock Mut. Life Ins. Company v. Kegan, D.C.Md.1938, 22 Supp. 326, involving facts analogous to those in the present case, and in Standard Surety & Casualty Co. of New York v. Baker, 8 Cir., 1939, 105 F.2d 578.

Since the insurance company has failed to deposit into court the larger amount claimed from it, the Complaint could be dismissed, but, following the cases just mentioned and in the interest of expediting the litigation, the insurance company will be given an opportunity to increase its deposit and to amend the Complaint to reflect the increased deposit.

Brooks also argues that plaintiff's Complaint (or bill) in the nature of interpleader will not lie because plaintiff has presented no special ground for equitable relief besides the danger of double vexation with respect to one liability. I disagree. In the Kegan case, supra, 22 F.Supp. at page 330, Judge Chesnut rejects the contention that interpleader should be allowed only where the plaintiff has some special ground for equitable relief besides the double vexation, with the following analysis:

"From the standpoint of principle and as an original proposition it seems rather hard to defend this limitation on bills in the nature of interpleader. The plaintiff's need for the equitable relief would seem to be just as great, if he is liable to double vexation from adverse claimants, where he disputes the claim of one or both in whole or in part, but has no additional ground for equitable relief, as where he has no such dispute. Possibly the limitation derives from the consideration that in a strict bill of interpleader the plaintiff was entitled to costs and counsel fee, and it seemed inequitable to allow him this advantage where he continued to be interested in the litigation over the fund. But if this was the reason the objection can easily be met by denying the allowance, as was done in Groves v. Sentell, 153 U.S. 465, 485, 14 S.Ct. 898, 38 L.Ed. 785. * * *"

In the present case, also, plaintiff, the insurance company, having a personal interest in the subject matter, is certainly not entitled to recover its costs and attorney's fee. Judge Chesnut, 22 F.Supp. at page 331, further supports his conclusion that double vexation is a sufficient basis for an action in the nature of interpleader with the following forceful reasoning:

"And there is another reason why the bill should not be dismissed, at least at the present time. The plaintiff admits its liability for the sum of $13,035 and on the averments of the bill this amount is claimed by each of the defendants, one of whom has brought suit to recover it (as a part of her whole claim of $30,000), and the other defendant has threatened suit therefor. Therefore with respect to the sum of $13,035 the case presents the simple

aspect of a strict bill of interpleader; and to the extent of the amount so admitted by the plaintiff to be due, there would seem to be no reason for denying to it relief from double vexation, even though, as suggested by Judge Learned Hand in Sherman Nat. Bank of New York v. Shubert Theatrical Co., D.C., 238 F. 225, 230,[1] supra, the case may hereafter have to be transferred to the law side of the court for jury trial, or dismissed, with respect to the balance of the claim of Mrs. Kegan after final and effective decree regarding the smaller sum of $13,035."

In the present case, it should be made clear that, even if the insurance company increases its deposit in this court to $30,000, it is still admitting liability on the policy only to the extent of $20,888.90. In the trial proceedings between the interpleaded defendants, Frances H. Yarrow and Brooks, the insurance company will have no right to participate so as to defend against that portion of Brooks' claim which is for the $9,111.10 over and above its admitted liability of $20,888.90 on the policy. If, in the proceedings between Brooks and Frances H. Yarrow, Brooks prevails in his claim for $30,000, the court may enter judgment in his favor and against the insurance company only to the extent of $20,888.90. Thereafter, the insurance company will have the right, by a jury trial or other legal remedy, to oppose Brooks' claim for the remaining $9,111.10. If, on the other hand, in the proceedings between Brooks and herself, Frances H. Yarrow prevails in her claim for $20,888.90, judgment in that amount will be entered in her favor and against the insurance company, and the insurance company will be entitled to the balance of $9,111.10, less the costs of the present interpleader action. (The costs of the action between Brooks and Mrs. Yarrow will be paid by the loser in that action.)

Brooks' remaining alleged grounds for dismissal in essence are that the in-

surance company, in allowing the change of beneficiary and the assignment of the policy, breached its contractual and fiduciary duties, committed a wrongful act, and created an independent contractual liability not arising from the policy. These allegations raise substantial questions of fact which must be decided at a trial on the merits of defendants' adverse claims.

Accordingly, the following order will be entered:

### Order

And Now, January 12, 1951, in accordance with the foregoing opinion, it is ordered that defendant F. Richard Brooks' motion to dismiss plaintiff's Second Amended Complaint for Interpleader be and it is hereby granted, unless plaintiff, John Hancock Mutual Life Insurance Company, shall within fifteen (15) days deposit, or post bond for, the additional amount of $9,111.10 (which will increase its deposit to the total amount of $30,000) into this court.

It is further ordered that plaintiff's request for allowance of its costs and attorney's fee in the present interpleader action is hereby denied.

If plaintiff, John Hancock Mutual Life Insurance Company, shall deposit the additional amount of $9,111.10, as aforesaid, it is further ordered:

(1) that defendant Frances H. Yarrow and defendant F. Richard Brooks are hereby interpleaded;

(2) that, for the purpose of framing an issue between the interpleaded defendants, Frances H. Yarrow is designated the plaintiff and F. Richard Brooks is designated the defendant;

(3) that in the issue joined between the above designated plaintiff and defendant to determine their respective rights to the fund of $30,000 deposited in this court, and for such other relief as may be just and proper, the answer filed by the plaintiff, Frances H. Yarrow, to the Second Amended Complaint for Interpleader is

---

1. Judge Hand's suggestion is as follows: " * * * There is no reason why the plaintiff should not have a bill in the nature of interpleader, though his partial claim be of legal cognizance, provided the plaintiff's (at law) right to a jury trial of that claim be preserved."

made the complaint, to which complaint the defendant, F. Richard Brooks, is required to file an answer within thirty (30) days from the date of this order;

(4) that plaintiff, Frances H. Yarrow, and defendant, F. Richard Brooks, are hereby enjoined from prosecuting in other courts any threatened or pending suits pertaining to their respective claims.