AMERICAN SMELTING AND REFIN-
ING COMPANY, Plaintiff,

v.

NAVIERA ANDES PERUANA, S.A., San
Rafael Compania Naviera, S.A., Orion
Shipping and Trading Company, Inc.,
Ocean Liberties, Inc.; Maritime Over-
seas Corporation, Boyd, Weir and Sewell
Incorporated, Seaboard Stevedoring Cor-
poration, Companie Financiera Peruana,
S.A., Parr-Richmond Terminal Compa-
ny, Port of Seattle, Griffiths & Sprague
Stevedoring Company, and Schirmer
Stevedoring Company, Ltd., Defend-
ants.

United States District Court
S. D. New York.
Dec. 2, 1959.

Bigham, Englar, Jones & Houston,
New York City, for plaintiff.

Nelson, Healy, Baillie & Burke, New
York City, for defendants San Rafael
Compania Naviera, S. A., Orion Ship-
ping & Trading Company, Inc., and
Ocean Liberties, Inc., Maritime Overseas
Corp.

Zock, Petrie, Sheneman & Reid, New
York City, for defendant Boyd, Weir &
Sewell, Inc.

Stapleton, Flynn & Lilly, New York
City, for defendant Seaboard Stevedor-
ing Corp.

Curtis, Mallet-Prevost, Colt & Mosle,
New York City, for defendant Companie
Financiera Peruana, S. A.

Tompkins, Boal & McQuade, New York
City, for defendant Parr-Richmond Ter-
minal Co.

Hall, Henry, Oliver & McReavy, San
Francisco, Cal., for defendant Port of
Seattle.

Melvin, Conlan, Harless & Mathewson,
San Francisco, Cal., for defendant Grif-
fiths & Sprague Stevedoring Co.

Lillick, Geary, Wheat, Adams &
Charles, San Francisco, Cal., and Hill,
Betts & Nash, New York City, for de-
fendant Schirmer Stevedoring Co., Ltd.

RYAN, Chief Judge.

This matter comes before us on a
series of motions made to the Court by
plaintiff and defendants. Because of our
disposition of the matter, it is only nec-
essary to consider defendant Companie
Financiera Peruana, S. A.'s motion to
dismiss the complaint for lack of juris-
diction over the subject matter.

Plaintiff American Smelting and Re-
fining Company instituted this action of
interpleader and deposited with the Reg-

istry of the Court $43,652.01 in accordance with the provisions of 28 U.S.C.A. § 1335. This statute gives the district court jurisdiction over straight bills of interpleader without the usual rigorous requirements as to diversity of citizenship and plaintiff asserts that this is a straight bill of interpleader.

Defendant Companie Financiera Peruana, S. A., challenges the jurisdiction of the Court by a motion to dismiss claiming that the $43,652.01 deposited with the Court is not the full "amount due under such obligation", and therefore the Court, by virtue of plaintiff's failure to fulfill the mandate of the interpleader statute, has no jurisdiction over this suit.

The pertinent facts are uncontroverted: plaintiff, American Smelting and Refining Company, entered into a series of contracts of affreightment with Naviera Andes Peruana, S. A., a Peruvian shipping line. On one of these contracts, Naviera performed to the extent that $93,349.60 was originally due. None of this money had been paid to Naviera at the time of that corporation's bankruptcy or at the time of the bringing of this action of interpleader. Here the factual harmony ends.

Plaintiff claims that it is entitled to a setoff under the contract, which reduces the amount due to the $43,652.01 deposited in Court. The moving defendant on the other hand claims a valid assignment of all the freight charges and denies the validity of any setoff.

■ The deposit of funds or the giving of a bond is a condition precedent to obtaining interpleader jurisdiction. 3 Moore's Federal Practice (2nd Edition) § 22.10, and cases cited therein.

■ Therefore the question before the Court is whether the fund to be deposited is the original $93,349.60 owing to Naviera or the $43,652.01 plaintiff claims is the amount due because of its setoffs. We hold that the original

amount of the freights, due before setoffs, must be deposited with the Court.

■ The law is well settled that where claims for a sum of money only are involved, payment of the entire sum is necessary to give the Court jurisdiction. Austin v. Texas-Ohio Gas Company, 5 Cir., 1955, 218 F.2d 739; Edner v. Massachusetts Mutual Life Ins. Co., 3 Cir., 1943, 138 F.2d 327; New York Life Ins. Co. v. Lee, 9 Cir., 1956, 232 F.2d 811; John Hancock Mutual Life Ins. Co. v. Yarrow, D.C.1951, 95 F.Supp. 185; Westinghouse Electric Corp. v. United Electrical Radio & Machine Workers of America, et al., 3 Cir., 1952, 194 F.2d 770.

Plaintiff argues that $43,652.01 is the entire amount legally owing (a fact which cannot be determined at this point) and cites decisions which purportedly hold that it is what the person who invokes interpleader asserts is the subject matter of the conflicting claims which determines what is to be deposited into Court. It is enough to say that these cases are distinguishable.

■ We therefore grant defendant's motion to dismiss unless within 30 days plaintiff, and it is hereby given leave, amends the complaint in a manner consistent with our opinion. Cf. Walmac Co. v. Isaacs, 1 Cir., 1955, 220 F.2d 108; John Hancock Mutual Life Ins. Co. v. Yarrow, supra.

We are withholding decision on the motion to transfer pending plaintiff's action within 30 days; during that period plaintiff may also file, in motion part, any appropriate motion directed to impleading new parties defendant or consolidating other suits, depending on the factual situation, and this motion may be referred to me for decision. It is our intention, however, to grant this transfer in the event that plaintiff complies with the alternative now offered.

Settle order.