**FRANK BRISCOE COMPANY, Inc., etc., and Huber, Hunt & Nichols, Inc., etc., Plaintiffs,**

v.

**ALBERT PICK CO., Inc., etc., et al., Defendants.**

**Civ. A. No. 846–67.**

United States District Court
D. New Jersey.

March 29, 1968.

Levy, McCloskey & Schlesinger, by John McCloskey, Milton Breitman, Newark, N. J., for plaintiffs.

David M. Satz, Jr., U. S. Atty. by Richard Catenacci, Asst. U. S. Atty., for the Government.

Gallanter & Levy, by Martin Silverman, Newark, N. J., for Standard Financial Corp.

Raff, Sherman & Scheider, by David Rudd, Newark, N. J., for Groen Manufacturing Co.

Crummy, Gibbsons & O'Neill, by Mark Hughes, Jr., Newark, N. J., for South Bend Range Corp.

Stryker, Tams & Dill, Newark, N. J., for American Foundry.

Riker, Danzig, Scherer & Brown, Newark, N. J., for American Motors.

Joseph E. Monaghan, Orange, N. J., for Dutchess Bakers' Machinery Co., Inc.

George L. DeBitetto, Kansas City, Mo., for Kansas City, Missouri.

Vieser, Hoey & San Filippo, Newark, N. J., for Crescent Metal Products.

John D. Morrison, Wyckoff, N. J., for Anetsberger Brothers, Inc.

Lowenstein & Spicer, Newark, N. J., for Alvey-Ferguson Operations.

Beninati & LaMorte, Newark, N. J., for New Star Brass & Bronze Works.

Pitney, Hardin & Kipp, Newark, N. J., for Norris Dispensers.

Lordi, Lordi & Bianchi, Newark, N. J., for Traulsen & Co.

## OPINION

WORTENDYKE, District Judge:

This action is one in the nature of interpleader and invokes the jurisdiction of this Court under 28 U.S.C. § 1335. The complaint was filed August 8, 1967, and amended January 5, 1968. The plaintiffs, respectively corporations of New Jersey and Indiana, as the members of a Joint Venture, allege that the amount in controversy exceeds the sum of $500 exclusive of costs and that the numerous defendants, who are citizens of different states, have made or may make claims against certain monies which may be due and owing from the Joint Venture to some of the claimants, for the recovery of which litigation has been instituted and is pending elsewhere. The claims alleged arise under or in connection with a contract between the Joint Venture, as prime contractors, and General Services Administration of the United States of America for the erection of a Federal Office Building in Kansas City, Missouri. The complaint alleges that a subcontract, dated June 14, 1963, modified by a change order, dated April 23, 1964, was entered into by the Joint Venture with Albert Pick Co., Inc., an Illinois corporation, for the furnishing and installation of cafeteria and kitchen equipment in the building for the sum of $205,220. Albert Pick Co., Inc. is the debtor-in-possession appointed by the United States District Court for the Southern District of New York in a proceeding for an arrangement under the Bankruptcy Act entitled In The Matter of Albert Pick Co., Inc. (Docket No. 65 B 182). As debtor-in-possession, Pick undertook the completion of and has substantially completed the work under its subcontract with Joint Venture to the point at which the amount that would be due to Pick at this time, except for various withholdings claimed by the Joint Venture for Pick's failure to obtain releases and other evidences of payment from its materialmen and suppliers, is $170,026.03, against which the claims of some of the numerous defendants have been or will be asserted.

Standard Financial Corporation, a corporation of the State of New York, and one of the defendants named in this action, has moved this Court for an Order vacating its restraining order entered on August 10, 1967 and dismissing the complaint pursuant to F.R.Civ.P. 12 (b) upon the following asserted grounds:

(1) Failure of the complaint to state a claim against the moving defendant upon which relief can be granted.

(2) Lack of jurisdiction in this Court under 28 U.S.C. § 1335(a) (2) because of conceded failure of plaintiffs to deposit into the registry of the Court the entire sum of money in its possession due and owing to Pick.

(3) Lack of interpleader jurisdiction in this Court under 28 U.S.C. § 1335 because neither Standard Financial Corporation nor Pick is a resident of the District of New Jersey.

(4) Priority of jurisdiction by the Supreme Court of the State of New York for the County of New York over the same parties upon the same facts and identical issues in a pending action therein.

(5) Any claim against Standard Financial is barred by laches.

(6) The equitable remedy of interpleader is not available to plain-

tiffs because of their unclean hands.

(7) Improper service of process upon Standard Financial.

(8) Because the granting of the *ex parte* restraining order was inequitable and prejudicial to Standard Financial.

In support of its motion, Standard Financial has filed an affidavit by Louis J. Cappelli, its Vice President, from which it appears that on January 25, 1966 Standard Financial commenced an action in the Supreme Court of the State of New York for the County of New York against Joint Venture to recover the sum of $205,220 claimed to be due from Joint Venture to Standard Financial as assignee of Pick for certain restaurant and cafeteria equipment sold and delivered by Pick to Joint Venture and installed in the cafeteria portion of the Federal Building constructed by the Joint Venture, as general contractor, for the General Services Administration on behalf of the United States of America in Kansas City, Missouri. In the New York action Joint Venture appeared and joined issue upon the complaint therein. It was not until August 18, 1967 that the complaint in the action in this Court was served upon Standard Financial. The New York action would probably be reached for trial in the near future. The plaintiffs have not deposited into this Court the entire sum which is the subject of the alleged conflicting claims because Schedule "A" annexed to the complaint discloses that plaintiffs have unilaterally deducted some $25,000 from the cash balance shown on hand. The amount of such deduction is allegedly due to plaintiffs on account of their estimated legal fees and "reserves for guarantees and other items." Neither Pick nor Standard Financial has a situs within the District of New Jersey, and Pick is not an adverse claimant to the funds in the possession of the plaintiffs because Pick "assigned all of its right, title and interest in and to the moneys due from plaintiffs to Standard Financial Corporation and, * * *,

has never made any claim to these moneys."

While this Court had Standard's motion to dismiss under advisement, a motion for summary judgment was filed by Groen Manufacturing Company, a party claiming under the Miller Act, 40 U.S.C. 270a et seq. Groen has moved this Court, alternatively, to dismiss the interpleader action, to direct payment to Groen of its claim of $3,645.68 out of the fund deposited with the Court, or to modify the restraining order previously entered in this case so as to allow Groen to pursue its Miller Act remedy in the Federal District Court for the Western District of Missouri where suit was instituted on January 21, 1966. Groen asserts that, irrespective of Standard's claim for the entire contract amount allegedly owing to Pick, the Joint Venture has in fund, or by way of bond, resources which are more than adequate to satisfy all claimants without risk of multiple liability or undue vexation. Groen also argues that this interpleader action brought by the Joint Venture, which would require Groen to come into New Jersey to litigate its Miller Act claim, frustrates the remedial purpose of the Miller Act.

In addition, Standard, on behalf of Pick, has filed a motion to quash service of process upon Pick. Standard asserts that such service cannot be made since it violates the injunctive order issued on March 15, 1965 by Referee Lowenthal in the arrangement proceedings presently pending in the Southern District of New York which provides that no action be commenced or continued against Pick save in that forum.

█ Where, as here, the action is in the nature of interpleader and the item in dispute is a sum of money in the custody of the party seeking interpleader relief, it is a condition precedent to the jurisdiction of this Court that the entire sum be paid into Court. Metal Transport Corporation v. Pacific Venture Steamship Corporation, 288 F.2d 363 (2 Cir. 1961); Westinghouse Electric Corp. v. United Electrical Radio and Machine-

workers of America, 194 F.2d 770 (3 Cir.) cert. den. 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362 (1952); Edner v. Massachusetts Mutual Life Insurance Company, 138 F.2d 327 (3 Cir. 1943). In the case at bar, the Joint Venture admits, in Appendix "A" attached to the complaint, that a cash balance is owing to Pick of $195,485.40, but it claims $25,459.37 under certain provisions of the contract. In the context of this case, the Joint Venture is, in fact, a claimant to that portion of the fund which it presently withholds from this Court. As such it must deposit that amount into court to establish jurisdiction, and then substantiate its claim, as any other litigant, and await the outcome of the litigation.

In several other cases in which a jurisdictional defect similar in nature to that presented by this interpleader action was present, the courts have seen fit to allow the interpleading party to avoid dismissal by amending his complaint and depositing the additional funds or posting the required bond. See John Hancock Mutual Life Insurance Company v. Yarrow, 95 F.Supp. 185, 187 (E.D.Pa.1951); American Smelting and Refining Company v. Naviera Andes Peruana S.A., 182 F.Supp. 897 (S.D.N.Y.1959). However, in this case, that remedial device will not suffice to cure another jurisdictional defect which is also present. Therefore, the Court will not allow the complaint to be amended to reflect additional deposits of money into the fund which is presently in the Court's Registry.

28 U.S.C. § 1335 provides that the District Court has jurisdiction to entertain an action of interpleader or one in the nature of interpleader if, inter alia, "two or more adverse claimants * * * are claiming or may claim to be entitled to such money * * * and * * * the plaintiff has deposited such money * * into the registry of the court."

The various defendants in the present case may be classified into the following categories: (1) The United States and its agent, General Services Administration, (2) eight states, (3) one county,

(4) one municipality, (5) three Union locals, (6) Pick, its assignee Standard, and Pick's Creditors Committee, and (7) forty-one potential Miller Act claimants. The issue before the Court is whether the claimants either severally or as classified into categories, have the requisite "adversity" among them with respect to the fund in court to sustain the jurisdiction of this Court under 28 U.S.C. § 1335. I think not.

■ There is no doubt that under certain circumstances, interpleader is available in a Miller Act situation. See Pennsylvania Fire Insurance Company v. American Airlines, Inc., 180 F.Supp. 239 (S.D.N.Y.1960); Aetna Casualty & Surety Co. v. B.B.B. Construction Corp., 173 F.2d 307 (2 Cir.), cert. den. 337 U.S. 917, 69 S.Ct. 1158, 93 L.Ed. 1726 (1949); Massachusetts Bonding and Insurance Co. v. Antonelli Construction Co., 173 F.Supp. 391 (D.Mass.1959); American Bonding Co. of Baltimore v. Albert & Davidson Pipe Corp., 52 F.Supp. 486 (D.N.J.1943). However, in all those situations, the claims asserted exceeded the penal sum of the bond and, under the Miller Act, the surety was liable to *all* claimants, not to *each*, but only up to the amount of the bond. Therefore, there was "adversity" among the claimants as to the fund since there had to be a proportionate distribution of the fund created by the bond and there existed the probability that the diligence of some would result in the deprivation of others.

■ In the case at bar, the facts present a different picture which requires a different disposition. The Miller Act surety is not the party here seeking interpleader relief. Certainly it cannot be compelled to join in the proceedings since it can, in no wise, be characterized as a claimant. That in itself would render the relief sought inappropriate under Section 1335. Where, moreover, the amount of the bond exceeds the amounts claimed to be owing to all parties, the requisite "adversity" among the claimants and possible resulting double liability and vexation are clearly absent. See Joseph

F. Hughes and Co. v. Harry S. Mickey, Inc., 211 F.Supp. 298 (D.Md.1962), United States for Use and Benefit of Eaton v. Olson, 5 F.R.D. 513 (N.D.Cal.1946). The fact that certain claims have a common origin does not of itself satisfy the "adversity" requirements of Section 1335. 3A Moore's Federal Practice 22.11.

In reality we have in this case not one fund but two funds. One, that deposited in the registry of the Court, is created by the mere failure of the Joint Venture, for whatever reason, to pay, until now, the money in its possession owing to Pick. The second is created by the Miller Act and enures to the benefit of those materialmen and suppliers who satisfy the statutory prerequisites to claim under that Act. Those claimants who, for purposes of this discussion, have been characterized as Miller Act claimants, and who fail, for one reason or another, to achieve claimant status under that Act, nevertheless, are still free to proceed against Pick in the Bankruptcy proceeding in the Southern District of New York. In re Dutcher Construction Corporation, 378 F.2d 866 (2 Cir. 1967), cited by defendant South Bend Range Corp., is not to the contrary.

 Finally, the issue remains whether or not the disputed assignment as between Pick and Standard adds the needed jurisdictional element of "adversity" to the present proceedings. This Court is of the opinion that the answer must be in the negative. Upon the facts presently before the Court, there is no dispute and, hence, no "adversity" in regard to the validity of the assignment between the only two parties who could create fear of multiple liability or vexation in regard to that assignment, the assignor, Pick, and the assignee, Standard. Pick has failed to answer in this case and, in fact, is apparently precluded from answering by the terms of the injunctive order issued by Referee in

Bankruptcy Lowenthal in the Southern District of New York on March 15, 1965. It is the interpleading party and several of the Miller Act claimants who dispute the validity of the assignment. As to the Miller Act claimants the issue of the validity of the assignment is irrelevant, since their claims are in reality against a fund not in this Court and are unaffected by the validity or invalidity of the assignment. As to the Joint Venture, the validity of the assignment is the crux of the New York State proceeding between the assignee, Standard, and the Joint Venture. That question therefore fails to add the required jurisdictional element of "adversity" under Section 1335 to this case.

The facts here disclose a situation where there are two funds growing out of a common origin, but with each fund having its own claimants. To entertain this interpleader action merely to further the remedial intent of Congress would be in conflict with the stated jurisdictional requirements set forth in Section 1335 and would moreover under the peculiar set of facts presented, have a diluting effect upon the other remedial provisions of the Bankruptcy Act and the Miller Act as available to the parties presently before the Court. It would indeed be a perversion of the purpose of the Interpleader Act to allow it, in the context of this case, to defeat the other remedies presently being pursued by the various claimants before this Court. Cf. State Farm Fire & Casualty Co. et al. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

Therefore, the Order staying all proceedings in any other Court entered by this Court on August 10, 1967 is hereby vacated and the complaint herein is dismissed for lack of jurisdiction.

Let an Order in conformity with the foregoing Opinion be presented.