## The PRUDENTIAL INSURANCE COM-PANY OF AMERICA, Plaintiff,

### v.

Gladys S. BENNETT, Central Savannah Area Broadcasting Company, Cecil H. Barnes, and Patrick Mulherin, Defendants.

### Civ. A. No. 1395.

United States District Court
S. D. Georgia,
Augusta Division.

May 19, 1969.

See also D.C., 294 F.Supp. 1122.

Hull, Towill & Norman, Augusta, Ga., King & Spalding, Atlanta, Ga., for plaintiff.

Maurice Steinberg, James E. Slaton, Sanders, Hester, Holley, Ashmore & Boozer, Augusta, Ga., for defendants.

## ORDER ON MOTION TO DISMISS INTERPLEADER UPON GROUND THAT STATUTORY INTER-PLEADER REQUIRES DEPOSIT OF FULL AMOUNT IN DISPUTE

LAWRENCE, District Judge.

A motion has been filed in which "the defendant"[1] moves to dismiss on the ground that interpleader is not available because Prudential Insurance Company of America has deposited only $13,277.88 in the registry of the court whereas claimants maintain that either one or the other is entitled to $40,000. Counsel for defendants argue that payment by plaintiff of the entire sum they claim to be due is required as a condition precedent to jurisdiction in interpleader actions under 28 U.S.C.A. § 1335(a) (2). They cite Kitzer v. Phalen Park State Bank of St. Paul, 379 F.2d 650 (8th Cir., 1967); Grace v. Carroll, 219 F.Supp. 270 (D.C., 1963). There is considerable additional authority. For example, New York Life Insurance Company v. Hannon et al., 280 F.Supp. 291 (D.C., 1967) and Metal Transport Corporation v. Pacific

---

1. Since counsel for each of the defendants signed the motion in question I assume it is filed on behalf of *all* parties defendant.

Venture Steamship Corporation et al., 288 F.2d 363 (1961). In the latter case the Court of Appeals for the Second Circuit said:

"As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants. Section 1335 gives the district courts jurisdiction over such actions when a stakeholder has in his possession money or property 'of the value of $500 or more,' if 'two or more * * * claimants * * * are claiming or may claim to be entitled *to such money* or property' and if the stakeholder 'has deposited *such money* * * * into the registry of the court.'"

Legal writers view the statute as requiring the plaintiff "to deposit or give bond for the largest amount that is in dispute." See 3A Moore's Federal Practice, (2d ed.), p. 3080, § 22.10. See also Kooman, Federal Civil Practice (1969), p. 479, § 22.08.

For their part, Prudential's attorneys cite State Farm Mutual Auto Insurance Company v. Drewry, 191 F.Supp. 852 (D.C., 1961), aff'd 316 F.2d 716 (4th Cir., 1963) where the District Court said (191 F.Supp. p. 854):

"Defendants also contend that this action should be dismissed because the full amount of $58,000 claimed by defendants has not been paid into court. However, I know of no rule of law applicable to an interpleader action which requires plaintiff to pay into court more than plaintiff admits as owing."[2]

Plaintiff also cites United States v. Sentinel Fire Ins. Co., 178 F.2d 217 (1949). There the insurance companies deposited the amounts conceded to be due by them under each fire insurance policy but furnished no security for the additional amounts claimed by the defend-

ants. No objection was raised to the jurisdiction of the lower court and the Court of Appeals for the Fifth Circuit permitted it to retain jurisdiction for the purpose of determining the disputed balance.

■■ There is something to be said for each of the two conflicting interpretations of the interpleader statute but the position of the defendants seem to be more strongly sustained by legal authority. The tardiness with which the jurisdictional point was raised is unimportant and no waiver or estoppel results from the counterclaims filed by defendants. See Rule 12, F.R.Civ.P.; 35A C.J.S. Federal Civil Procedure § 476.

But this does not mean that the failure to deposit what claimants assert to be due as opposed to what Prudential contends for is fatal to the jurisdiction of this Court. "[T]he courts have seen fit to allow the interpleading party to avoid dismissal by amending his complaint and depositing the additional funds or posting the required bond." Frank Briscoe Company v. Albert Pick Co., 282 F.Supp. 321, at 325 (D.C., 1968). In John Hancock Mut. Life Ins. Co. v. Yarrow et al., 95 F.Supp. 185, at 187 (D. C., 1951) it was said:

"Since the insurance company has failed to deposit into court the larger amount claimed from it, the Complaint could be dismissed, but, following the cases just mentioned and in the interest of expediting the litigation, the insurance company will be given an opportunity to increase its deposit and to amend the Complaint to reflect the increased deposit."

Prudential is permitted and also directed to increase the deposit to $40,000 or to furnish security for the difference. This will, of course, be without prejudice to its denial that it owes anything beyond the $14,000 paid into court. Plaintiff may further protect its rights in this respect in amending the complaint.

**2.** The opinion of the Court of Appeals for the Fourth Circuit affirming the lower court did not explicitly deal with this proposition.