MILLER & MILLER AUCTIONEERS, INC., Plaintiff-Appellee,

v.

G. W. MURPHY INDUSTRIES, INC., Defendant-Appellant, Willey Drilling, Inc., et al., Defendants-Appellees, United States of America and Roy C. Baker, Intervening Defendants-Appellees, James C. Willey, B & W Drilling, a partnership, and Converse County Bank, Additional Defendants on Cross-Claims-Appellees.

No. 72–1220.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 13, 1972.

Decided Jan. 17, 1973.

Rehearing Denied March 13, 1973.

Donald R. Winship, Casper, Wyo., for defendant-appellant.

Rufus S. Garrett, Jr., Fort Worth, Tex., for plaintiff-appellee.

Ernest J. Brown (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, David English Carmack, Tex Div., Dept. of Justice, Washington, D. C., Richard V. Thomas, U. S. Atty., Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., on the brief), for the intervening defendant-appellee United States.

Before PHILLIPS, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an interpleader action denying appellant Murphy Industries, Inc. (Murphy) relief against appellee, Miller & Miller Auctioneers, Inc. (Miller) for allegedly distributing auction sale proceeds in a manner prejudicial to Murphy. Appellant contends Miller wrongfully distributed the auction proceeds after being notified the seller's property had been garnished in a Wyoming state court garnishment proceeding.

On November 25, 1970, Miller was employed to sell property belonging to Willey Drilling, Inc. Among other things, the agreement provided Miller with a lien for money loaned and services rendered Willey at the auction. Miller in turn agreed to distribute proceeds from the sale to five perfected security interest holders.

On January 12, 1971, the auction was conducted and $148,254.25 was realized from the sale. On the same day as the auction and before the proceeds were distributed, appellant delivered a garnishee notice to Miller informing it of the issuance of an order of attachment on all the property, moneys, credits and effects in its possession belonging to Willey Drilling, Inc. and James C. Willey, dba B & W Drilling Company. Miller disregarded this notice and paid all five secured creditors and itself the full amount due. Since the secured property did not bring the amount secured, Miller applied proceeds from unsecured property to satisfy the claims. A total of $145,312.22 was disbursed by Miller, leaving only a balance of $2,942.03. Realizing several creditors might sue for this balance, Miller filed an interpleader action under 28 U.S.C. § 1335 in the Wyoming federal district court.

In the interpleader action, appellant Murphy counterclaimed against Miller asserting that, among other things, Murphy's garnishment judgment for $21,123.91 against Willey Drilling, Inc. and James C. Willey, dba B & W Drilling Company, should have been paid from the auction proceeds. Murphy contends that Miller wrongfully disregarded the garnishment notice when it paid off secured creditors and itself with unsecured funds.

The United States of America filed a petition in intervention seeking permission to intervene as a defendant. The United States charged that Miller wrongfully distributed proceeds from the auction since the government had properly filed two tax liens against Willey Drilling, Inc. and James C. Willey and his wife, Geraldine, in the amount of $5,412.12.

The United States district court for the district of Wyoming determined that it had jurisdiction over the parties and the subject matter of this action. As the five secured creditors were first to perfect their interest, they were entitled to the auction proceeds over any rights acquired by appellant through its attachments occurring on the date of the auction sale. Since Miller's security interest was perfected by

possession prior to appellant's levy of execution, Miller was entitled to recoup its advancements, selling expenses and commissions prior to any payments to appellant. The United States had two perfected tax liens totaling $5,810.84 which were perfected prior to the auction. The United States therefore was allowed the balance of $2,942.03, and because Miller disbursed the rest of the proceeds, it was compelled to transfer into the registry an additional sum of $2,868.81.

Murphy on appeal raises two pertinent points. Our decision on these points disposes of the appeal. First, the district court erred in discharging Miller since Miller failed to pay all the disputed proceeds into the court registry before bringing the interpleader action. Second, it was error to allow the United States recovery on its tax liens in this interpleader action.

Section 1335 of 28 U.S.C. provides the district court with original jurisdiction of an action in interpleader for every corporation having in its custody or possession money of the value of $500 or more if two or more claimants of diverse citizenship are claiming or may claim to be entitled to such money, and if plaintiff has deposited such money in the registry of the court. It is therefore clear that when rival claims for a sum of money are involved, payment of the entire sum into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the jurisdiction of the court. Gannon v. American Airlines, 251 F.2d 476 (10th Cir. 1958); Metal Transport Corp. v. Pacific Venture Steam. Corp., 288 F.2d 363 (2d Cir. 1961); 3A Moore, Federal Practice § 22.10, n. 3 (2d ed. 1970); 7 Wright & Miller, Federal Practice & Procedure, Civil § 1716 (1972).

An interpleader action is one in equity and is governed by equitable principles. Burchfield v. Bevans, 242 F.2d 239 (10th Cir.1957); Holcomb v. Aetna Life Ins. Co., 228 F.2d 75 (10th Cir. 1955), cert. denied 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853; Equitable Life Assurance Society of U. S. v. Cooper, 328 F.Supp. 1126 (W.D.Okl.1971). Hence a federal district court seldom has jurisdiction if the stakeholder deposits in the court registry less than the entire sum of money in controversy. Metal Transport Corp. v. Pacific Venture Steam. Corp., supra; New York Life Ins. Co. v. Lee, 232 F.2d 811 (9th Cir. 1956); Austin v. Texas-Ohio Gas Co., 218 F.2d 739 (5th Cir. 1955); American Smelting & Ref. Co. v. Naviera Andes Peruana, S.A., 182 F.Supp. 897 (S.D.N.Y.1959). In the instant case, Miller was notified of appellant's writ of attachment before it disbursed the funds. Miller knew appellant was claiming $21,123.91, but nevertheless paid other creditors the auction proceeds. Because Miller failed to deposit in the court registry the entire sum in controversy, the federal district court lacked jurisdiction to hear this interpleader action.

Although the district court incorrectly exercised jurisdiction in this interpleader action, the court still was vested with authority to award the government a judgment satisfying two of its tax liens. There is no doubt the district court has jurisdiction in a civil action to render any judgment necessary to enforce the internal revenue laws. 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340. The power to enforce this tax lien is given the United States Attorney through 26 U.S.C. § 7403(a) and 31 U. S.C. § 191. Nor does the fact this interpleader action was improperly brought destroy the government's judgment on its counterclaim as an intervenor. A court has discretion to treat pleadings of an intervenor as a separate action to adjudicate claims raised by the intervenor. See Hackner v. Guaranty Trust Co., 117 F.2d 95 (2d Cir. 1941), cert. denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Pikor v. Cinerama Prods. Corp., 25 F.R. D. 92 (S.D.N.Y.1960); Truncale v. Universal Pictures Co., 76 F.Supp. 465 (S. D.N.Y.1948); 3B Moore, Federal Practice § 24.16[2] at 24–613, 614 (2d ed.

1969); 7A Wright & Miller, Federal Practice & Procedure, Civil § 1917 (1972). The court may properly exercise this discretionary procedure where it appears the intervenor has a separate and independent basis for jurisdiction and in which failure to adjudicate the claim will result only in unnecessary delay. Fuller v. Volk, 351 F.2d 323 (3d Cir. 1965). The tax liens of the United States are unrelated to the interpleader action and thus not subject to its requirements. We therefore hold the district court correctly exercised jurisdiction with respect to the government's separate claim.

The portion of the judgment adjudicating the tax liens of the United States is accordingly affirmed. The remainder of the judgment is set aside and the case is remanded with directions to dismiss the interpleader cause of action for want of jurisdiction.