**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Plaintiff,**

v.

**Susan, Patricia and Linda LANE, minors, by their parent and next friend, Fred Lane, Fred Lane, an individual, Kathy McGough, a minor by her parent, Larry McGough, Larry McGough, an individual, Jeanne W. Rippee, an individual, Jane Morgan White, an individual, Insurance Company of North America, a Foreign Corporation, Defendants.**

**No. CIV–76–1054–D.**

United States District Court, W. D. Oklahoma.

Oct. 12, 1977.

502

John D. Cheek, Oklahoma City, Okl., for plaintiff.

Christopher H. Cox, Oklahoma City, Okl., for defendants Lane.

Robert A. Forbes, Jr., Oklahoma City, Okl., for defendants McGough.

No atty. of record listed for defendant Rippee.

Harvey L. Harmon, Sr., and P. M. Williams, Oklahoma City, Okl., for defendant White.

Elliott C. Fenton, Oklahoma City, Okl., for defendant Insurance Company of North America.

### ORDER

DAUGHERTY, Chief Judge.

This is an interpleader action arising out of a collision between a school bus and a car driven by one William S. Hatchell, who was insured by Plaintiff for bodily injury liability of $10,000.00 per person and up to $20,000.00 per accident. Plaintiff settled claims with thirty-six injured claimants for a total of $13,578.69 and subsequently deposited $6,421.31, which was the remaining policy limits, into Court when agreement with the remaining parties could not be reached. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1335.

Defendants Lane have filed herein a Motion to Dismiss this action for lack of jurisdiction. Said Motion is supported by a Brief. Plaintiff has filed a Brief in opposition to said Motion and Defendants Lane have filed a second Brief in further support of their Motion.

In support of their Motion, Defendants Lane contend that this action should be dismissed as Plaintiff has failed to pay into Court the full amount of the Defendants' claims and therefore, this Court lacks jurisdiction. Plaintiff asserts that only the balance of the policy limit remaining after the settlements were paid to the thirty-six claimants had to be deposited with the Court for the Court to have subject matter jurisdiction under 28 U.S.C. § 1335.

28 U.S.C. § 1335 provides in pertinent part as follows:

"(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society . . . having issued a . . . policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery of payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any . . . policy . . . and if (2) the plaintiff has deposited such money or property or has paid the . . . due under such obligation into the registry of the court, there to abide the judgment of the court . . . ."

When rival claims for a sum of money are involved, payment of the entire sum into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the juris-

diction of the court. *Miller & Miller Auctioneers, Inc. v. G. W. Murphy Industries, Inc.*, 472 F.2d 893 (Tenth Cir. 1973); *Gannon v. American Airlines*, 251 F.2d 476 (Tenth Cir. 1958); 7 Wright and Miller, *Federal Practice and Procedure:* Civil § 1716 at 454. In this regard, the preferred practice is to require only that the stakeholder deposit all of the disputed property he has in his possession, even though it might be less than is claimed by one or more of the defendants. *Murphy v. Travelers Insurance Co.*, 534 F.2d 1155 (Fifth Cir. 1976); 7 Wright and Miller, *supra* at 459.

■ The "disputed property" in the instant case is the $20,000.00 that Plaintiff is liable for under the terms of the insurance policy involved herein. After settlements were achieved by Plaintiff pursuant to the terms of the policy with most of the parties injured or damaged as a result of the accident, Plaintiff remained liable under the policy to the extent of $6,421.21. Plaintiff subsequently deposited this amount with the Court. Therefore, the Court finds and concludes that Plaintiff has paid the amount due under the policy into the registry of the Court and has thereby fulfilled the requirements of 28 U.S.C. § 1335. Accordingly, the Motion to Dismiss of Defendants Lane should be overruled. If at the trial of this case on the first separated issue of whether any of the settlements entered into between Plaintiff and the thirty-six claimants are shown to have been the result of other than good faith, the sum subject to interpleader in this action shall be ordered increased by the amount of any such bad faith settlements. *Prudential Insurance Co. v. Bennett*, 299 F.Supp. 451 (S.D.Ga. 1969).